JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
San Francisco Baykeeper, a non-profit corporation

### DEFENDANTS
Town of Hillsborough, a municipal corporation

**(b)** County of Residence of First Listed Plaintiff  San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Mateo
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Daniel Cooper
Lawyers for Clean Water, Inc.
1004 O'Reilly Avenue
San Francisco, CA 94129

Attorneys (If Known)

E-filing    BZ    ADR

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | **PERSONAL PROPERTY** | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | | | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| | | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [X] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 790 Other Labor Litigation | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | **Habeas Corpus:** | **FEDERAL TAX SUITS** | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | | [ ] 535 Death Penalty | | |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 446 Amer. w/Disabilities - Other | **IMMIGRATION** | | |
| | | [ ] 550 Civil Rights | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 555 Prison Condition | | |
| | [ ] 440 Other Civil Rights | [ ] 462 Naturalization Application | | |
| | | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | [ ] 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
33 U.S.C. 1251, et. seq.

Brief description of cause:
Discahrging pollutants in violation of the Clean Water Act

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE  8/6/08

SIGNATURE OF ATTORNEY OF RECORD

Daniel Cooper (Bar No. 153576)
Drevet Hunt (Bar No. 240487)
LAWYERS FOR CLEAN WATER, INC.
1004-A O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 440-6520
Facsimile: (415) 440-4155
Email: cleanwater@sfo.com

Brian Gaffney (Bar No. 168778)
LAW OFFICES OF BRIAN GAFFNEY
605 Market Street, Suite 505
San Francisco, California 94105
Telephone: (415) 442-0711
Facsimile: (415) 442-0713
Email: brian@gaffneylegal.com

Amy Chastain (Bar No. 235745)
SAN FRANCISCO BAYKEEPER
785 Market Street, Suite 850
San Francisco, CA 94103
Telephone: (415) 856-0444 x 106
Facsimile: (415) 856-0443
Email: amy@baykeeper.org

Attorneys for Plaintiff
SAN FRANCISCO BAYKEEPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER, a non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF HILLSBOROUGH, a municipal corporation;<br><br>    Defendant. | Civil Case No.: CV 08 3760 BZ<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.*) |

Complaint     1

San Francisco Baykeeper (Baykeeper) by and through its counsel, hereby allege:

I. **JURISDICTION AND VENUE**

1.  This is a civil suit brought under the citizen suit enforcement provisions of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq*. (the Clean Water Act or the CWA). This Court has subject matter jurisdiction over the parties and subject matter of this action pursuant to section 505(a)(1) of the CWA, 33 U.S.C. § 1365(a)(1), and 28 U.S.C. § 1331 (an action for declaratory and injunctive relief arising under the Constitution and laws of the United States).

2.  On June 5, 2008, Baykeeper sent a 60-day notice letter (hereinafter referred to as Notice Letter) to the Town of Hillsborough (Hillsborough) regarding Defendant's violations of the Clean Water Act and Baykeeper's intention to file suit against Defendant. Pursuant to 33 U.S.C. section 1365(b)(1)(A) of the CWA, Baykeeper also served the Notice Letters on the Administrator of the United States Environmental Protection Agency (EPA), the Administrator of EPA Region IX, the Executive Director of the State Water Resources Control Board (State Board), the Executive Officer of the Regional Water Quality Control Board, San Francisco Bay Region (Regional Board), and the United States Attorney General.

3.  More than sixty days have passed since the Notice Letter was served on the Defendant and the State and Federal agencies. Baykeeper is informed and believes, and thereon alleges, that neither the EPA nor the State of California has commenced or is diligently prosecuting an action to redress the violations alleged in this complaint.

4.  Venue is proper in the Northern District of California pursuant to section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the source of the violations is located within this judicial district.

II. **INTRADISTRICT ASSIGNMENT**

5.  Pursuant to Local Rule 3-2(c), intradistrict assignment of this matter to the San Francisco Division of the Court is appropriate in that the events or omissions which give rise to Baykeeper's claims occurred in San Mateo County. In addition, many of Baykeeper's members reside in the City and County of San Francisco. No event or omission giving rise to Baykeeper's claims occurred in any other Division of this Court.

Complaint                                                                                                                                                 2

## III. INTRODUCTION

6. The violations alleged herein concern unpermitted discharges of raw sewage and discharges from Hillsborough's sewage collection system to Hillsborough's municipal separate storm sewer system (MS4).

7. The specific CWA violations at issue are: (1) discharges of pollutants to waters of the United States without NPDES Permit authorization in violation of CWA § 301(a), 33 U.S.C. § 1311(a); and (2) violations of National Pollutant Discharge Elimination System (NPDES) Permit No. CAS0029921, Order No. R2-2003-0023, amending Order No. 99-059 (hereinafter the MS4 Permit).

8. Hillsborough's sewage collection system is a satellite system where wastewater is conveyed through Hillsborough's sewer mains to wastewater treatment plants operated by the City of Burlingame and San Mateo County. Hillsborough does not own or operate a wastewater treatment plant.

9. The MS4 Permit regulates Hillsborough's municipal storm water discharges. Hillsborough's MS4 consists of numerous storm drain inlets that lead to underground storm drain pipes, which in turn are directed to waters of the United States.

## IV. PARTIES

10. Plaintiff Baykeeper is a non-profit public benefit corporation whose mission is to protect and enhance the water quality of the San Francisco Bay-Delta Estuary and its tributaries for the benefit of its ecosystems and the surrounding human communities. Baykeeper accomplishes its mission through education, advocacy, restoration, and enforcement. Baykeeper's office is located at 785 Market Street, Suite 850, in San Francisco, California.

11. The discharge of sewage in Hillsborough is a threat to human health and the environment, and adversely impacts Baykeeper's members' use and enjoyment of water bodies in and around Hillsborough.

12. Baykeeper's members use and enjoy the beaches and waters in and around Hillsborough, including, but not limited to, San Mateo Creek, Central San Francisco Bay, and the greater San Francisco Bay and its tributaries (these waters are collectively referred to as the Receiving Waters).

13. Baykeeper's members use and enjoy San Francisco Bay area waters for recreational,

Complaint                                                                                                    3

scientific, aesthetic, educational, conservation and commercial purposes. Specifically, Baykeeper's members sail, swim, windsurf, picnic, fish, hike and enjoy the wildlife in and around the Receiving Waters.

14. Baykeeper's members' use and enjoyment of the Receiving Waters, and all tributaries to such waters (given that pollutants discharged to tributaries will flow into the Receiving Waters directly used by Baykeeper's members), has been and continues to be adversely impacted by ongoing sewer overflows and discharges of storm water contaminated with sewage to the Receiving Waters used by Baykeeper's members. The discharge of pollutants to the Receiving Waters has deleterious effects on those water bodies. Degradation of water quality and harm to aquatic life in any of the Receiving Waters impairs Baykeeper's members' use and enjoyment of those waters.

15. The interests of Baykeeper's members have been, are being, and will continue to be adversely affected by Defendant's failure to comply with the Clean Water Act. Baykeeper has no other adequate remedy at law.

16. The Town of Hillsborough is a municipality incorporated under the laws of the State of California. The Hillsborough Public Works Department (HPWD), with offices at 1600 Floribunda Avenue, Hillsborough, California, is a department of Hillsborough. The HPWD is responsible for operating and maintaining Hillsborough's sewage collection system and Hillsborough's MS4.

## V. STATEMENT OF FACTS

### A. Hillsborough Sanitary Sewage Collection System

17. Hillsborough's sewer system is over 40 years old, except for a few subdivisions constructed since the 1960s. Hillsborough's sewage collection system consists of approximately 93.7 miles of main sewer line that conveys sewage to the collection system owned and/or operated by the City of Burlingame, to Burlingame Wastewater Treatment Plant, and/or to the San Mateo Wastewater Treatment Plant.

18. Hillsborough has spilled sewage from sanitary sewer overflows (SSOs) from its sewage collection system on at least 85 separate occasions since 2005. As the Hillsborough collection system continues to deteriorate, the number of SSOs increases.

19. Based upon reports submitted by Hillsborough, Baykeeper alleges that sewage from

Complaint                                                                 4

1   SSOs has repeatedly reached the Receiving Waters through Hillsborough's storm sewer system.
2   Hillsborough's storm sewer system discharges directly to the Receiving Waters, including San Mateo
3   Creek and the San Francisco Bay. As such, Hillsborough's discharges of sewage to storm drains drain
4   to the Receiving Waters.

5       20.    Baykeeper is informed and believes, and thereon alleges, that Hillsborough discharges
6   sewage to area sidewalks and streets, which exposes members of Baykeeper (as well as members of
7   the general public) to substantial health risks.

8       21.    Baykeeper is informed and believes, and thereon alleges, that - due to the lack of an
9   adequate monitoring program to detect, report, and address SSOs and their impacts - Hillsborough has
10  experienced significantly more SSOs than it has reported.

11      22.    Baykeeper is informed and believes, and thereon alleges, that Hillsborough has taken
12  inadequate steps to eliminate SSOs such as improving the decrepit, outdated, and poorly operated and
13  maintained collection system. Because Hillsborough has failed to undertake appropriate and adequate
14  measures, Hillsborough's sewage discharges will continue into the future.

15      23.    Based on Hillsborough's high rate of SSOs, Baykeeper is informed and believes, and
16  thereon alleges, that the Hillsborough sewage collection system is deteriorating and that deferral of
17  repairs will allow the continued discharge of raw sewage to the Receiving Waters. Every day that
18  Hillsborough has discharged and continues to discharge untreated sewage into area Receiving Waters
19  is a separate and distinct violation of the CWA.

20  **B.    Hillsborough's MS4**

21      24.    The MS4 Permit regulates Hillsborough's municipal storm water discharges (as well as
22  other MS4 systems in San Mateo County). Hillsborough's MS4 consists of numerous storm drain
23  inlets that lead to underground storm drain pipes which in turn are directed to San Francisco Bay
24  without treatment.

25      25.    Hillsborough is one of twenty cities and towns in San Mateo County that have joined
26  together to form the San Mateo Countywide Stormwater Pollution Prevention Program (STOPP).
27  STOPP submitted a NPDES permit application and was granted a NPDES permit in 1993, which was
28  reissued in 1999 and amended in 2003. STOPP's NPDES permit regulates discharges into and out of

Complaint    5

Hillsborough's MS4. Specifically, Hillsborough is required to prohibit the discharge of non-storm water into the storm drain system. Further, the MS4 Permit contains Receiving Water Limitations, including prohibitions on discharges that cause deleterious effects on aquatic biota, wildlife, or waterfowl, or which render any of these unfit for human consumption, or cause or contribute to violations of water quality standards.

26. Raw sewage in the form of SSOs is discharged into Hillsborough's MS4 from the Hillsborough sewage collection system. Baykeeper is informed and believes, and thereon alleges, that sewage spills from Hillsborough's sanitary sewage collection system regularly enter the MS4. A separate violation of the MS4 Permit occurs each time raw sewage is discharged into Hillsborough's MS4.

C. **Impacts to the Receiving Waters**

27. San Francisco Bay is an ecologically sensitive water body and a defining feature of Northern California. San Francisco Bay is an important and heavily used resource, with special aesthetic and recreational significance for people living in the surrounding communities. Aquatic sports are very popular in the Bay Area. The San Francisco Bay shoreline has numerous highly valued lagoons with beaches and public access that offer unique recreational opportunities for swimmers, kayakers, and windsurfers. The large-scale urbanization of the Bay Area makes these recreational and aesthetic uses even more important to the quality of life of Bay Area residents.

28. San Francisco Bay's water quality is impaired and continues to decline. The Bay's once-abundant and varied fisheries and species have been drastically diminished by pollution. Much of the wildlife habitat of the Bay has also been degraded.

29. Spills of raw sewage and discharges of sewage-contaminated storm water harm San Francisco Bay and pose a serious risk to fisheries, wildlife habitat, and human health. In addition to human waste and bacteria, SSOs contain chemicals that cause cancer or reproductive toxicity. These chemicals come from solvents, detergents, cleansers, inks, pesticides, paints, pharmaceuticals, and other chemicals used by households and businesses and then discarded to sewage collection systems. High concentrations of these pollutants are typically found in discharges of raw sewage.

30. The intensive use of San Francisco Bay for commercial and sport fishing, shellfish

Complaint                                                                                                                6

harvesting, and water-contact recreation increases the likelihood that people will come into direct contact with spilled sewage and the pollutants it contains. Sewage pollution also affects people who eat fish caught in the Bay. Toxic chemicals are concentrated in the San Francisco Bay's food web, which means that contaminants absorbed by plankton are magnified in fish and birds farther up the food chain and ultimately transferred to human consumers. Contamination of fish is particularly damaging to minority and poor people, who eat a greater-than-average amount of fish from the Bay.

31. SSOs that do not directly reach San Francisco Bay still pose significant health risks by depositing raw sewage in public streets, public buildings and grounds, and private yards and homes. SSOs contain large concentrations of bacteria, viruses, mold spores, and protozoa. Exposure to raw or partially treated sewage can cause a variety of health problems, including gastroenteritis, respiratory illness, ear, nose, and throat problems, and skin rashes. Mold spores can establish an ecological niche when they are carried onto a homeowner's property during a sanitary sewer overflow, creating an ongoing health risk from chronic exposure. Residential sewage overflows diminish property values and impose severe nuisance on local residents.

## VI. LEGAL BACKGROUND

### A. The Clean Water Act

32. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant into waters of the United States unless the discharge complies with various enumerated sections of the CWA. Among other things, section 301(a) prohibits discharges that violate or are not authorized by the terms of a NPDES permit issued pursuant to section 402 of the CWA, 33 U.S.C. § 1342.

33. Clean Water Act section 402(p), 33 U.S.C. § 1342(p), establishes a framework for regulating municipal storm water discharges under NPDES permits. Section 402(p) of the CWA requires a NPDES permit for storm water discharges from a MS4 to waters of the United States. 33 U.S.C. § 1342(p).

34. Section 505(a)(1) of the CWA provides for citizen enforcement actions against any "person," including individuals acting in their official state capacity, for violations of NPDES permit requirements and for unpermitted discharges of pollutants. 33 U.S.C. §§1365(a)(1) and 1362(5).

35. An action for injunctive relief under the CWA is authorized by 33 U.S.C. section

Complaint 7

1365(a). Violators of the CWA are also subject to an assessment of civil penalties of up to $27,500 per day per violation of the CWA for violations of the CWA occurring prior to March 15, 2004 and $32,500 for all violations occurring on or after March 15, 2004. 33 U.S.C. § 1319(d) and 40 C.F.R. §§ 19.1 - 19.4.

36. The CWA also authorizes the award of reasonable attorneys' fees and costs (including witness and consultant fees). 33 U.S.C. § 1365(d).

**B.  MS4 Permit Requirements**

37. Clean Water Act section 402(p), 33 U.S.C. § 1342(p), establishes a framework for regulating municipal storm water discharges under NPDES permits. Section 402(p) of the CWA requires a NPDES permit for storm water discharges from a municipal separate storm sewer system to waters of the United States. Hillsborough's MS4 Permit regulates Hillsborough's municipal storm water discharges (as well as other MS4 systems in San Mateo County). Hillsborough's MS4 consists of numerous storm drain inlets that lead to underground storm drain pipes, which in turn are directed to San Francisco Bay.

38. Hillsborough's MS4 Permit contains certain absolute prohibitions. Discharge Prohibition A.1 of Hillsborough's MS4 Permit prohibits the discharge of non-storm water (material other than storm water) into the Hillsborough MS4.

39. Further, the MS4 Permit contains Receiving Water Limitations, including prohibitions on discharges that cause deleterious effects on aquatic biota, wildlife, or waterfowl, or which render any of these unfit for human consumption, or cause or contribute to violations of water quality standards. *See* MS4 Permit, Receiving Water Limitations, B.1e and B.2

**FIRST CAUSE OF ACTION**

**Claim Against Hillsborough for Discharges of Pollutants Without a NPDES Permit in Violation of the Clean Water Act, 33 U.S.C. § 1311(a)**

40. Plaintiff realleges, as if set forth fully herein, each and every allegation contained in the preceding paragraphs.

41. Hillsborough, as owner and operator of the Hillsborough sewage collection system, has been discharging and continues to discharge untreated sewage from the Hillsborough sewage

Complaint                                                                                                                                  8

1  collection system into the Receiving Waters since at least June 5, 2003. At no point has Hillsborough
2  obtained a permit that authorizes the discharge of untreated sewage from the Hillsborough sewage
3  collection system to waters of the United States. Therefore, each and every discharge of untreated
4  sewage from Hillsborough's collection system is a discharge in violation of CWA section 301.

5  42.  Hillsborough has violated the discharge prohibition of CWA section 301(a) by
6  discharging untreated sewage in the form of SSOs without NPDES permit authorization to waters of
7  the United States on at least 85 separate occasions. Each occasion is a separate CWA violation and
8  these violations are continuing.

9  43.  Plaintiff Baykeeper is informed and believes, and thereon alleges, that Hillsborough has
10  been underreporting the number of SSOs that take place from Hillsborough's collection system and
11  that Hillsborough lacks an adequate monitoring program to detect, report, and address SSOs and their
12  impacts. Baykeeper is informed and believes, and thereon alleges, that significantly more SSOs will
13  be discovered through this enforcement action. Each additional SSO will be a separate CWA
14  violation.

15  44.  Hillsborough has taken inadequate affirmative steps to eliminate these CWA violations
16  by improving its outdated, poorly operated, and poorly maintained sewage collection system. Because
17  Hillsborough has failed to undertake appropriate and adequate measures, the CWA violations realleged
18  herein will continue in the future.

19  45.  Each day since June 5, 2003, that Hillsborough has discharged, and continues to
20  discharge, untreated sewage and other pollutants to waters of the United States without a NPDES
21  permit authorizing such discharges is a separate and distinct violation of CWA section 301(a), 33
22  U.S.C. § 1311(a).

23  46.  By committing the acts and omissions alleged above, Hillsborough is subject to an
24  assessment of civil penalties pursuant to CWA sections 309(d) and 505(a), 33 U.S.C. §§ 1319(d) and
25  1365(a).

26  47.  An action for injunctive relief under the Clean Water Act is authorized by 33 U.S.C.
27  § 1365(a). Continuing commission of the acts and omissions alleged above will irreparably harm
28  Plaintiff and the citizens of the State of California, for which harm they have no other plain, speedy, or

adequate remedy at law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION

**Claim Against Hillsborough for Non-Storm Water Entering Municipal Separate Storm Sewer System in Violation of MS4 Permit and Clean Water Act, 33 U.S.C. § 1311(a)**

48.  Plaintiff realleges, as if set forth fully herein, each and every allegation contained in the preceding paragraphs.

49.  Discharge Prohibition A.1 of the MS4 Permit prohibits the discharge of non-storm water (material other than storm water) into the Hillsborough MS4.

50.  Hillsborough has discharged or allowed the discharge of non-storm water into Hillsborough's MS4 in the form of SSOs from the Hillsborough sewage collection system. SSOs that enter Hillsborough's MS4 are not storm water but rather raw or inadequately treated sewage.

51.  Hillsborough has reported to the Regional Board discharges of non-storm water to the Hillsborough MS4 system on at least 11 separate occasions. However, Baykeeper is informed and believes, and thereon alleges, that Hillsborough has discharged non-storm water in the form of SSOs to Hillsborough's MS4 on more occasions then it has reported.

52.  Hillsborough violates the MS4 Permit and section 301(a) of the CWA every time a SSO from the Hillsborough sewage collection system enters Hillsborough's MS4. Accordingly, each day since June 5, 2003 that Hillsborough has failed to comply with the MS4 Permit is a separate and distinct violation of CWA section 301(a), 33 U.S.C. § 1311(a).

53.  By committing the acts and omissions alleged above, Hillsborough is subject to an assessment of civil penalties pursuant to CWA sections 309(d) and 505(a), 33 U.S.C. §§ 1319(d) and 1365(a).

54.  An action for injunctive relief under the Clean Water Act is authorized by 33 U.S.C. § 1365(a). Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiff and the citizens of the State of California, for which harm they have no other plain, speedy, or adequate remedy at law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

Complaint 10

**RELIEF REQUESTED**

55. Wherefore, Baykeeper respectfully requests that this Court grant the following relief:

    a. A Court order declaring Hillsborough to have violated and to be in violation of section 301(a) of the CWA, (33 U.S.C. § 1311(a)), for their discharges of untreated sewage to waters of the United States, without a permit;

    b. A Court order declaring Hillsborough to have violated and to be in violation of section 301(a) of the CWA, (33 U.S.C. § 1311(a)), for violating the substantive and procedural requirements of the MS4 Permit and the Clean Water Act;

    c. A Court order enjoining Hillsborough from discharging untreated sewage to waters of the United States without a permit, in violation of section 301(a) of the CWA, (33 U.S.C. § 1311(a));

    d. A Court order enjoining Hillsborough from violating the substantive and procedural requirements of the MS4 Permit and the Clean Water Act;

    e. A Court order assessing civil penalties against Hillsborough of up to $27,500 per day per violation of the CWA for violations of the CWA occurring prior to March 15, 2004 and $32,500 for all violations occurring on or after March 15, 2004, for each violation of the CWA pursuant to sections 309(d) and 505(a), 33 U.S.C. §§ 1319(d) and 1365(a).

    f. A Court order awarding Baykeeper its reasonable costs of suit, including attorney, witness, and consultant fees, as provided for by sections 309(d) and 505(a) of the Clean Water Act, 33 U.S.C. §§ 1319(d) and 1365(a);

    g. Award such other relief as this Court may deem appropriate.

LAWYERS FOR CLEAN WATER, INC.

Dated: August 6, 2008

_____
Daniel Cooper
Drevet Hunt
Attorney for Plaintiff
San Francisco Baykeeper

Complaint      11